F. D. DENNIS et al., Appellees, v. W. B. MANTLE et al.,
Appellants.

**INJUNCTION: Bond—Action on Bond—Proper Parties Plaintiff.**
Joint defendants in an action for injunction may be joint plain-
tiffs in an action on the injunction bond.

*Appeal from Marshall District Court.*—B. F. CUMMINGS,
Judge.

THURSDAY, JANUARY 13, 1916.

THE opinion states the case.—*Affirmed.*

*Bradford & Johnson,* for appellants.

*Carney & Carney,* and *Boardman & Lawrence,* for appel-
lees.

WEAVER, J.—In the year 1911, the present defendant,
W. B. Mantle, brought an action in the district court of Mar-
shall County, Iowa, joining as the defendants therein the
INJUNCTION: plaintiffs in this action, F. D. Dennis, H. J.
bond: action on Reidel, Leonard Arney, as central committee
bond: proper
parties of the Albion and Marshalltown Telephone
plaintiff.
Company, also the Iowa Valley Mutual Telephone Company
and the Home Mutual Telephone Company, to obtain certain
equitable relief to which he claimed to be entitled, with ref-
erence to the use of certain telephone lines and connections.
In aid of his said action, he applied to the court or the judge
thereof and obtained the allowance of a temporary writ of
injunction, restraining the persons named by him as defend-
ants from certain acts of which he complained. An injunction
was allowed, upon condition that Mantle file a bond in the
penal sum of $250, to pay all damages and costs which said
injunction defendants might sustain by reason of the writ;

and thereupon, Mantle, as principal, with J. C. Koontz and M. W. McKibben as sureties, executed and filed the required bond, and the writ prayed was thereupon issued and served. Thereafter, the injunction defendants (who are plaintiffs in the present proceeding) moved to dissolve or vacate the writ; and, upon hearing by the court, the motion was sustained. Thereupon, and before the cause came on for trial upon its merits, Mantle dismissed it.

In this action, the persons who were united as defendants in the injunction proceeding join in suing the principal and sureties upon the injunction bond to recover damages and expenses incurred in resisting the injunction and obtaining its dissolution. To this action, the said principal and sureties appear and file an answer which is, in substance and effect, **an** admission that the bond was given as alleged and that the writ was later dissolved on motion and the action dismissed, but denies that defendants have suffered damages because thereof. The issues were tried to a jury and verdict returned for plaintiffs for a recovery upon the bond in the sum of $102.15, with interest and costs. The defendants appeal.

At some point in the trial below, defendants raised objections to the right of the obligees in the bond to join in bringing suit thereon, insisting that, if either or any of said obligees had sustained any damage, it was individual in character, and a recovery therefor could be had only in an individual and separate action. The same question is raised in this court, and is practically the single proposition relied upon for a reversal of the judgment below.

The lack of merit in the point so made is too manifest to call for any extended consideration. Mantle, as plaintiff in the injunction suit, saw fit to unite therein several defendants. He prayed injunctive relief against all of them. As defendants, the present plaintiffs united in resisting the injunction and securing the dissolution. The costs, expenses and attorney's fees so incurred were a common expense for which the bond was liable at the suit of all the obligees, and

the question how the obligees may have contributed thereto as between themselves is wholly immaterial.

The judgment of the district court is—*Affirmed.*

EVANS, C. J., DEEMER and PRESTON, JJ., concur.